IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STEVEN MADINA ESPARZA | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14CV694 |
| | § | |
| WILLIAM STEPHENS, | § | |
| DIRECTOR, TDCJ-CID | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge (the "Report") (Dkt. 12), which contains her findings, conclusions, and recommendation for the disposition of Esparza's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), has been presented for consideration. The Report recommends that the Petition be dismissed with prejudice as time barred. Esparza has filed written objections (Dkt. 14). Having made a *de novo* review of the objections, the court concludes that the findings, conclusions, and recommendation of the Magistrate Judge are correct.

I.  **Finality of Conviction Under AEDPA**

Esparza first objects to the Magistrate Judge's conclusion that his conviction became final under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") on September 14, 2012, the date his petition for discretionary review ("PDR") was due to be filed with the Texas Criminal Court of Appeals ("CCA"). *See* Dkt. 14 at 1-3. Esparza does not challenge the Magistrate Judge's conclusion that his conviction became final when his options for direct review were exhausted. *See id.* at 3. He also agrees that his state petition for discretionary review ("PDR") was due on September 14, 2012. *See id.* at 3. He contends that, since he filed a state PDR, he could have sought Supreme Court

1

review of the CCA's order dismissing his PDR as untimely or the CCA's subsequent order denying his motion for rehearing. Thus, he disagrees with the Magistrate Judge's conclusion that neither order was a ruling on the merits subject to Supreme Court review. *See id.* at 1, 3-4. He further argues his conviction was not final until January 9, 2013, the date of the CCA's denial of his motion for rehearing. *See id.* at 3-4.

"For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the 'conclusion of direct review'—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Gonzalez v. Thaler*, 565 U.S. 134, 132 S. Ct. 641, 653–54 (2012); *see also United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). Under Supreme Court Rule 13, a petitioner may seek Supreme Court review of a judgment *on the merits* by the highest court of a state. *See* SUP.CT. R. 13.1; *see also Thaler*, 132 S. Ct. at 656. The CCA's refusal of a PDR as untimely filed is not a ruling on the merits subject to Supreme Court review. *See Murph v. Director, TDCJ-CID*, No. 6:09CV50, 2010 WL 4342012, at *4-5 (E.D. Tex. Sept. 23, 2010), *report and recommendation adopted,* No. 6:09CV50, 2010 WL 4342034 (E.D. Tex. Nov. 1, 2010); *Bautista v. Dretke*, 3:04-CV-0751-P, 2004 WL 2049301, at *3 (N.D. Tex. Sept. 13, 2004), *report and recommendation adopted,* 3-04-CV-751-P, 2004 WL 2534234 (N.D. Tex. Nov. 4, 2004); *Williams v. Cockrell*, No. 3-02-CV-331-M, 2003 WL 21528765, at *2 (N.D. Tex. July 2, 2003). If a defendant is convicted in a Texas state court and, thereafter, fails to timely file a PDR in the CCA, his conviction is final for purposes of the AEDPA on the date the PDR was due. *See e.g., Bautista*, 2004 WL 2049301, at *3; *Williams*, 2003 WL 21528765, at *2.

There is no dispute that the CCA dismissed Esparza's PDR as untimely filed on November 27, 2012. *See* Dkt. 7-1 at 3. This ruling was not a decision on the merits subject to Supreme Court review. The CCA's order denying rehearing, likewise, did not reach the merits of the claims asserted in Esparza's PDR; accordingly, the order was not subject to Supreme Court review. Because Esparza's failure to timely file a state PDR foreclosed his options for direct review of the state court judgment, his conviction became final when the PDR was due, September 24, 2012. The Magistrate Judge's finding that Esparza's conviction became final on that date is correct.

Next, Esparza objects to the Magistrate Judge's citation of *Bautista v. Dretke*. *See* Dkt. 14 at. 2. In *Bautista*, the United States District Court for the Northern District of Texas determined that the CCA's order dismissing a PDR as untimely was not a ruling on the merits subject to Supreme Court review. *Bautista*, 2004 WL 2019301, at *3. The Northern District further noted that "gratuitously adding ninety days for finality of judgment is . . . improper when a PDR is refused as untimely filed." *Id.*

Esparza attempts to distinguish the case, noting that in *Bautista*, the *pro se* petitioner was solely responsible for the delayed filing of a state PDR. *See* Dkt. 14 at 2. Esparza, in contrast, attributes the delay in filing his own PDR to his appellate counsel. *See id*. However, Esparza's relative culpability has no bearing on when his conviction became final under the AEDPA.[1] Esparza's objection to the Magistrate Judge's reliance on *Bautista* is, thus, without merit.

Esparza further objects to the Magistrate Judge's finding that his state PDR was filed on October 5, 2012. *See id.* at 3. He argues that the PDR should be deemed filed on September 28, 2012, the date it was delivered to the United States Postal Service for mailing. *See id.* This

---

[1]As discussed *infra.*, Esparza's culpability factors in the court's determination of whether he is entitled to equitable tolling of the statute of limitations.

argument is of little consequence, as Esparza concedes his PDR was due on September 14, 2012, two (2) weeks before the mailing date. *See id.*

Additionally, the argument lacks merit. Under Texas law, the pleadings of *pro se* inmates are deemed filed at the time they are delivered to prison authorities, not at the time they are stamped by the clerk of the court. *See Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013). The so-called "prison mailbox rule" does not apply, however, when inmate litigants are represented by counsel. As Esparza emphatically notes in his objections, he was represented by counsel during the state appellate proceedings. The record further indicates that Esparza's appellate counsel drafted his PDR and delivered it to the United States Postal Service for mailing. *See* Dkt. 6-4 at 1, 17. Accordingly, the prison mailbox rule is inapplicable.[2]

## II.   Statutory Tolling

Esparza objects to the Magistrate Judge's conclusion that his November 10, 2013, state writ application did not toll the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2) because it was filed after the limitations period expired. *See* Dkt. 14 at 4. Under § 2244(d)(2), AEDPA's one year statute of limitations is automatically tolled for "the time in which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." However, state habeas applications must be filed before expiration of the limitations period in order to toll AEDPA's limitations period. *See Richards*, 710 F.3d at 576.

---

[2] Esparza further notes that his PDR was stamped "received" by the CCA on October 1, 2012, and "filed" by the CCA on October 5, 2012. Even assuming that October 1, 2012, is the proper filing date, the court agrees with the Magistrate Judge's conclusions that (1) Esparza's PDR was untimely filed; (2) this untimely filing foreclosed the option of Supreme Court review of the judgment of conviction; and (3) Esparza's conviction became final for purposes of the AEDPA's statute of limitations on the date the PDR was due on September 14, 2012.

Esparza argues that his conviction became final and the statute of limitations began to run on April 9, 2013, ninety (90) days after the CCA denied his motion for rehearing and, according to him, the date his time for seeking certiorari in the Supreme Court expired. *See* Dkt. 14 at 3-4. Thus, he contends his filing of a state writ application two hundred and fifteen (215) days later, tolled the statute of limitations. However, for the reasons discussed in the previous section, Esparza misstates the date his conviction became final.

The Magistrate Judge properly concluded that Esparza's conviction became final on September 14, 2012, the date his state PDR was due under Texas law. The one year limitations period under AEDPA began to run the next day, September 15, 2012, and expired on Monday, September 16, 2013. *See Flanagan v. Johnson,* 154 F.3d 196, 202 (5th Cir. 1998); FED. R. CIV. P. 6(a). Thus, the Magistrate Judge correctly concluded that Esparza's November 10, 2013, state habeas application did not toll the statute of limitations period because it was filed after the limitations period expired.

## III. Equitable Tolling

Esparza also raises several objections to the Magistrate Judge's conclusion that he failed to demonstrate a basis for equitable tolling of the limitations period. *See* Dkt. 14 at 4-8. These objections lack merit.

First, Esparza objects to the Magistrate Judge's finding that:

> Petitioner argues he is entitled to equitable tolling because his appellate counsel inexcusably neglected to file a state PDR or request an extension of time before the filing deadline passed. He argues his attorney's unprofessional conduct prevented him from timely filing his federal petition. *See* Dkt. 9 at 10. However, he fails to explain how counsel's alleged misfeasance in filing the PDR prevented [Esparza] from filing his . . . federal petition for nearly two (2) years after the CCA dismissed the PDR as untimely.

Dkt. 14 at 4 (quoting Dkt. 12 at 5). He further objects to the Magistrate Judge's conclusion that he failed to pursue his rights diligently. *See id.* at 6. However, as the Magistrate Judge observed, the record establishes:

> As of January 9, 2013, the CCA had dismissed Petitioner's PDR as untimely filed and denied his motion for rehearing. Yet, Petitioner waited until November 10, 2013, over three hundred (300) days later, to file a state habeas application. Following the denial of his state habeas application, Petitioner waited an additional one hundred and thirty (130) days to file his federal petition.

Dkt. 12 at 6; *see also* Dkt. 1, 3-5, 3-6, 6-2, 7-1. Esparza argues his appellate counsel is to blame for the delayed filing of his state PDR and state writ application. However, Esparza concedes that he was not represented by counsel for at least some portion of the one hundred and thirty (130) days between the CCA's denial of his state writ application and his commencement of the instant proceedings. *See* Dkt. 9 at 11. He also concedes that he retained a different attorney to represent him in the instant federal habeas proceeding. *See* Dkt. 14 at 6. Thus, the delay in filing Esparza's federal petition cannot be attributed solely to his appellate counsel. Esparza offers no other explanation for the delay. Given Esparza's failure to fully explain his delay in pursuing federal habeas relief, the Court agrees with the Magistrate Judge's finding that he did not diligently pursue his rights.

Next, Esparza challenges the Magistrate Judge's conclusion that "'[b]ecause [appellate] counsel's alleged conduct before the PDR was due occurred before Petitioner's conviction was final, it does not warrant equitable tolling of the statute of limitations.'" Dkt. 14 at 5 (quoting Dkt. 12 at 6). As discussed previously, Esparza's conviction was not final until the deadline for filing his state PDR. Thus, the Magistrate Judge correctly noted that counsel's conduct leading up to the filing deadline provided no basis for equitable tolling. *See Bautista*, 2004 WL 2049301 at *2 (explaining that equitable tolling has no application before a conviction becomes final).

Esparza argues he is entitled to equitable tolling based on his counsel's conduct during the approximately three weeks between the filing deadline and the date his PDR was actually filed. *See* Dkt. 14 at 5. However, Esparza filed his federal habeas petition on November 2, 2014, more than a year after the applicable limitations period expired. *See* Dkt. 1. Tolling of the statute of limitations for a mere three weeks would not save his petition.

Next, Esparza objects to the Magistrate Judge's conclusion that he is not entitled to equitable tolling because:

> Petitioner makes no specific factual allegations in support of his argument that his indigence and status as a *pro se*, inmate litigant prevented him from filing a federal petition for nearly two (2) years after his conviction became final. Without some showing of extraordinary circumstances, these factors are insufficient to warrant equitable tolling of the statute of limitations. . . .

Dkt. 14 at 5 (quoting Dkt. 12 at 6). This objection lacks merit.

In his reply, Esparza argued his "status as an incarcerated prisoner with limited resources at his disposal is a fundamental disadvantage that warrants equitable tolling." Dkt. 9 at 11. He further argued the court should consider his inability to "to retain counsel of choice to replace [appellate counsel]" when assessing whether he was entitled to equitable tolling. *See id.* But Esparza fails to articulate how his indigence, status as an inmate, or purported inability to promptly retain replacement counsel prevented him from timely filing his federal petition.[3] Moreover, these factors alone do not warrant equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 652 (2010) ("the circumstances of a case must be 'extraordinary' before equitable tolling can be applied"); *see also Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (explaining that a litigant's *pro se* status, incarceration, lack of legal training, lack of legal representation, ignorance of legal rights,

---

[3] The court notes that its docket is replete with timely petitions submitted by similarly situated litigants.

and unfamiliarity with legal process are not "rare and exceptional circumstances" warranting equitable tolling).

Esparza further contends his appellate counsel's failure to timely file his PDR presented the type of extraordinary circumstance that warrants equitable tolling. He argues:

> The magistrate judge's Findings is an example of adhering to 'mechanical rules' (which are not even correctly applied here) and 'archaic rigidity.' And, the Findings effectively tell Petitioner that he needed to show evidence of 'bad faith, dishonesty, divided loyalty, or mental impairment' on the part of appellate counsel. These requirements were rejected by the Supreme Court in *Holland* [*v. Florida*, 560 U.S. 631, 652 (2010)].

Dkt. 14 at 7-8.

In *Holland*, the Supreme Court affirmed earlier holdings that "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland*, 560 U.S. at 651-52 (internal quotations and citations omitted). The Court noted that, to be sure, an attorney's failure to meet filing deadlines suggests simple negligence. *See id.* at 652. However, such conduct does not, in itself, warrant equitable tolling. *Id.*

The Court further explained that equitable tolling might be warranted where the record demonstrated "serious instances of attorney misconduct" in conjunction with counsel's untimely filing of a pleading. *Id.* at 652. Thus, the Court found a potential basis for equitable tolling where the record indicated a petitioner's attorney had failed to timely file a federal habeas petition in spite of the petitioner's many admonitions on the importance of doing so; had apparently not done the research necessary to ascertain the filing deadline despite the fact that the petitioner's letters went so far as to identify applicable legal rules; had not provided the petitioner with information he had requested so that he could monitor case; and had not communicated with the petitioner over a period of years. *See id.* at 652.

In the instant case, Esparza argues only that his appellate counsel failed to file a PDR on time. *See* Dkt. 14 at 6. He alleges no other misconduct on the part of counsel and he concedes that counsel's failure was the result of an innocent miscalculation of the deadline after consulting the Rules of Appellate Procedure. *See id.* As the Magistrate Judge concluded, this garden variety claim of neglect does not warrant equitable tolling under *Holland.*

## IV. Judicial Estoppel

Finally, Esparza objects to the Magistrate Judge's conclusion that his petition is time-barred on the grounds that the Magistrate Judge failed to properly consider his argument that the state should be judicially estopped from asserting the timeliness issue. As a threshold matter, the court notes that Esparza's judicial estoppel argument was not dispositive of the timeliness issue addressed in the Report. Even if the state were estopped from asserting the issue, as Esparza suggests it should be, the court has authority to consider the timeliness of a § 2254 petition *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

Esparza's judicial estoppel argument also lacks merit. Three nonexclusive factors weigh in favor of judicial estoppel in a given case. *See New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001). Esparza establishes none of these factors and he asserts no alternative basis for estoppel.

The first consideration is whether a party advances a position that is "clearly inconsistent" with an earlier position. *See id.* at 750. Ezparza contends the state's decision not to file a brief in opposition to his motion for rehearing before the CCA "effectively means that the state did not oppose the relief request in the Motion." Dkt. 9 at 7. He contends the state's silence was equivalent to an admission that he was entitled to consideration of his PDR on the merits. *See* Dkt. 9 at 7. However, the state was entitled to oppose Esparza's motion without briefing, relying on the CCA to do exactly what it did, which was to dismiss Esparza's motion for rehearing on his brief alone. Thus, Esparza

fails to establish that the state advocated a position clearly inconsistent with one asserted in the instant proceeding.

The second consideration in judicial estoppel analysis is "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations and thus poses little threat to judicial integrity." *See New Hampshire*, 532 U.S. at 750-51 (internal quotations and citations omitted). Esparza contends the state advocated the position that the CCA should review the claims advanced in his PDR on the merits. This position was undisputedly rejected by the CCA. Thus, any attempt by the state to advocate a contrary position in these proceedings does not present a risk of inconsistent rulings which would warrant judicial estoppel.

The third consideration in judicial estoppel analysis is whether allowing a party to advance its new, inconsistent position would prejudice another party. *Id.* at 751. Esparza fails to articulate how the state would derive an unfair advantage or impose an unfair detriment on him if not estopped in the present matter.

In *New Hampshire*, the Supreme Court noted, "In enumerating these factors, we do not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. Additional considerations may inform the doctrine's application in specific factual contexts." *New Hampshire*, 532 U.S. at 751. However, Esparza does not articulate any specific facts that the Court might consider in weighing his judicial estoppel argument. His conclusory argument that the doctrine applies is subject to summary dismissal.

Additionally, even assuming, *arguendo*, that judicial estoppel was appropriate in the instant case, application of the doctrine would not preclude the state from raising the timeliness issue, as Esparza suggests. Esparza has asserted that the state "did not oppose the relief requested in the Motion for Rehearing, which asked the Court of Criminal Appeals to consider the PDR on its merits." Dkt. 9 at 7. If judicial estoppel was applied, the state would only be precluded from arguing in the current proceedings that Esparza was not entitled to consideration of the merits of his PDR. This limitation would in no way prevent the state from advancing its arguments regarding when Esparza's conviction became final, when the limitations period expired, and whether Esparza is entitled to statutory or equitable tolling.

In light of the foregoing, it is **ORDERED** that Esparza's Objections (Dkt. 14) are **OVERRULED**.

It is further **ORDERED** that the Report and Recommendation (Dkt. 12) is **ADOPTED**.

It is further **ORDERED** that the above-styled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1) is **DENIED** and that the case is hereby **DISMISSED WITH PREJUDICE.**

It is further **ORDERED** that any motion not previously ruled on is **DENIED**.

**SIGNED this the 31st day of March, 2017.**

*[Signature: Richard A. Schell]*

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE